IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PROPERTY RESERVE, INC., | ) CIVIL NO. 12-00649 SOM-KSC |
| | ) |
| Plaintiff, | ) ORDER REINSTATING DEFAULT; |
| | ) FINDINGS AND |
| vs. | ) RECOMMENDATION TO GRANT |
| | ) PLAINTIFF'S MOTION FOR |
| DAWN K. WASSON; JOHN DOES | ) DEFAULT JUDGMENT |
| 1-100; JANE DOES 1-100; DOE | ) |
| PARTNERSHIPS 1-100; DOE | ) |
| CORPORATIONS 1-100; DOE | ) |
| ENTITIES 1-100, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER REINSTATING DEFAULT; FINDINGS AND RECOMMENDATION
TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On November 19, 2013, the Court issued an Order Granting in Part and Deferring in Part Plaintiff's Motion to Reinstate Default and For Default Judgment and/or Additional Sanctions ("Order"), wherein the Court ordered Defendant to remit payment of the $7,840.05 sanction, upon which the setting aside of default was conditioned, within seven days. Based on Adrian Lavarias' November 26, 2013 Declaration and the record before the Court, Defendant has failed to comply with the Order. In the Order, the Court cautioned that

failure to make a timely payment would result in an order directing the Clerk to reinstate default. Order at 7-8. Defendant has had ample opportunity to comply. Indeed, her delay, coupled with the adjudication of Plaintiff's Motion to Reinstate Default and For Default Judgment and/or Additional Sanctions ("Default/Default Judgment Motion"), has resulted in a two-month extension to pay. Yet she has taken no steps to pay the sanction in order to set aside default. Given Defendant's violation of the Order, and failure to meet both deadlines for paying the sanction, the Court hereby directs the Clerk to reinstate default.

In its Order, the Court also cautioned that it might recommend that default judgment enter as requested by Plaintiff if Defendant failed to timely remit payment of the sanction. For the reasons detailed below, the Court hereby finds and recommends that the district court enter default judgment against Defendant.

## BACKGROUND

Plaintiff commenced this action on December 4, 2012.  On December 18, 2012, Plaintiff filed a Motion for Temporary Restraining Order ("TRO Motion").  On December 19, 2012, Chief U.S. District Judge Susan Oki Mollway held a status conference.  On January 24, 2013, Plaintiff withdrew its TRO Motion.

On February 4, 2013, Plaintiff requested, and the Clerk entered, default against Defendant.

Plaintiff filed a Motion for Default Judgment on March 6, 2013, withdrew it, then filed another Default Judgment Motion.  This Court initially scheduled the hearing on the Default Judgment Motion for April 15, 2013.  Defendant did not oppose the Default Judgment Motion, instead filing a Motion to Dismiss on April 14, 2013, one day prior to the Default Judgment Motion hearing date.

At the April 15, 2013 hearing, this Court postponed adjudication of the Default Judgment Motion pending disposition of the Motion to Dismiss.  Chief Judge Mollway scheduled the Motion to Dismiss to be

heard on June 18, 2013.  This Court subsequently continued the Default Judgment Motion hearing until July 2, 2013.

On June 17, 2013, Defendant filed an Ex Parte Motion to Continue Hearing on Motion to Dismiss the Complaint Filed 12/4/2012.  Chief Judge Mollway proceeded with the hearing on June 18, 2013, discussing the status of the case, and denying the Motion to Dismiss without prejudice to its ruling if the entry of default is vacated.  Doc. No. 38.  Chief Judge Mollway advised Anthony Locricchio, former defense counsel, that Defendant may file a motion to vacate entry of default by June 25, 2013, though Defendant was not required to do so.  Id.  Defendant was also advised that she may proceed with opposing the Default Judgment Motion.  Id.

On June 25, 2013, Defendant filed an opposition to the Default Judgment Motion.

On July 2, 2013, this Court held a hearing on the Default Judgment Motion, at which Mr. Locricchio did not appear.  At that hearing, the Court imposed a

deadline of July 16, 2013, for Defendant to file a motion to set aside entry of default, if she elected to file such a motion.  Defendant timely filed the Set Aside Motion.

On August 6, 2013, this Court issued an Order Granting Defendant's Motion to Set Aside Entry of Default; Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment ("Set Aside Order"), wherein this Court conditionally granted the Motion to Set Aside Entry of Default upon the imposition of sanctions, in an amount to be determined.

On September 11, 2013, this Court issued an Order Regarding Attorneys' Fees ("Sanction Order"), concluding that Plaintiff's counsel reasonably incurred $7,840.05 in attorneys' fees and tax, and ordering Defendant to remit payment to Plaintiff by September 24, 2013.

On October 10, 2013, Mr. Locricchio moved to withdraw as counsel.  The Court granted the unopposed Motion to Withdraw following a hearing on October 24,

2013.  A written order, prepared by counsel, issued on November 4, 2013.

On October 9, 2013, Plaintiff filed its Default/Default Judgment Motion.  At the November 18, 2013 hearing on said motion, the Court announced its inclination to grant in part and defer in part the Motion, and directed Defendant to pay the sanction within seven days.  The Order issued the next day.

On November 26, 2013, Adrian Lavarias, Plaintiff's counsel, filed a Declaration representing that Defendant did not pay the sanction nor any portion thereof.  To date, the Court has not been provided with any information to the contrary.

## DISCUSSION

In its Default/Default Judgment Motion, Plaintiff sought default judgment and requested that judgment enter:

1) as to all claims against Defendant and 2) that:

    a) Plaintiff is the legal title holder of the subject properties;

> b) Plaintiff's right, title, and interest in the subject properties is superior to that of Defendant;
> c) Defendant has no ownership right, title, or interest in the subject properties;
> d) Defendant (or anyone acting on her behalf/direction) cannot exclude, prevent, and/or block access to the subject properties; and
> e) Defendant has wrongfully excluded, prevented, and/or otherwise blocked access to the subject properties.

Plaintiff additionally requested that a decree of judgment and/or writ of possession issue, which authorizes and directs the removal of Defendant, the burial of her husband, and others claiming by, through or under her, from possession and control of the subject properties, placing Plaintiff into sole and exclusive possession and control thereof, and permitting Plaintiff to dispose of any personal property left on the subject properties.

Under Federal Rule of Civil Procedure ("FRCP") 55(b)(1), the Clerk of the Court may enter default judgment for the plaintiff if the defendant has defaulted by failing to appear and "the plaintiff's claim is for a sum certain or a sum that can be made

certain by computation." See Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for default judgment. See Fed. R. Civ. P. 55(b)(2).

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004)

(citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, courts should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).[1]  In addition, a court can deny default judgment where the

---

[1] Plaintiff cited a different legal standard, asserting that the Court should consider the following five factors before entering default judgment: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the party seeking sanctions; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives.  This standard is inapplicable, as it pertains to discovery sanctions and/or to FRCP 41(b) dismissals.

defendant has appeared and actively defends against the plaintiff's claims.[2]  See VonGrabe, 312 F. Supp. 2d at 1319.

A. Eitel Factors Weigh in Favor of Default Judgment

Upon consideration of the Eitel factors, the Court finds that the entry of default judgment against Defendant is appropriate.

1. Possibility of Prejudice to Plaintiff

Plaintiff will continue to suffer significant prejudice if this action proceeds.  Defendant has engaged in gamesmanship since the outset of this litigation, and has caused significant delay.  Not one matter of genuine substance has been addressed in the year since the filing of the Complaint.  The bulk of the motions, hearings, and orders were necessitated primarily due to Defendant's failure to act and failure to comply with the applicable rules and statutes.  Even after the Court exercised some leniency in setting

---

[2] Defendant has appeared and she challenges Plaintiff's ownership of the subject properties.  However, it is her conduct that has resulted in the Court's present recommendation.

10

aside default, and granted Defendant a final opportunity to pay the sanction to ensure that this case could proceed, she refused to do so. Permitting this disobedience and dilatory conduct to continue will cause Plaintiff to incur further unnecessary expenses, and impair Plaintiff's entitlement to the orderly administration of justice and timely resolution of this action.

    2.  <u>Merits of Plaintiff's Claims, Sufficiency of the Complaint, Possibility of a Dispute Concerning Material Facts</u>

In assessing the Complaint, the Court finds that it is adequately pled, particularly in view of the fact that upon default, the factual allegations are taken as true. Moreover, Plaintiff has provided substantial evidence to support its claims against Defendant. <u>See</u> Doc. No. 18. Specifically, Plaintiff has provided property tax records establishing that it owns the subject properties and has paid taxes for the same, as well as title reports indicating that Plaintiff has clean title to the subject properties.

11

Id. The Court therefore finds that factors two and three weigh in favor of default judgment.

The same is true of factor five, even though Defendant disputes Plaintiff's ownership of the properties. Doc. No. 53. Accepting Plaintiff's allegations as true, there is no real possibility of a dispute concerning material facts. Defendant's bald denials of the allegations do not create material disputes.

### 3. Sum of Money at Stake

With respect to the fourth factor, the Court finds that it supports the entry of default judgment. The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff's prayer for relief is largely declaratory in nature. Plaintiff requests damages and attorneys' fees, but in moving for default judgment, asks for declaratory relief and to regain sole and exclusive possession of the property. As

such, no sum of money is at issue.  There being no sum of money at stake, this factor weighs in favor of default judgment.

    4.   <u>Default Caused by Excusable Neglect</u>

In its Set Aside Order, the Court found that Defendant did not engage in culpable conduct (i.e. willful, deliberate or bad faith failure to answer) that led to the initial entry of default.  However, the Court noted that it was not persuaded by Defendant's arguments about confusion and former counsel's health condition.  Set Aside Order at 8-9.  This reinstatement of default is not caused by excusable neglect; it is caused by Defendant's violation of the Set Aside Order, the Sanction Order, and the Order.  The setting aside of default was conditioned upon the payment of a sanction, and the deadline for compliance was September 24, 2013.  Even having had two additional months to comply, Defendant failed to pay the sanction.  She objects to the imposition of the sanction, but she did

not timely appeal this Court's prior orders.[3] Accordingly, the Court finds that factor six weighs in favor of default judgment.

    5.   <u>Policy Favoring Decisions on the Merits</u>

Although the Court recognizes the strong policy favoring resolution of cases on their merits, proceeding with the instant litigation would be futile and frustrate the Court's ability to manage its docket. Defendant has not complied with deadlines, rules, and orders. Most importantly, she has not complied with the condition imposed upon her to set aside default. Without satisfaction of the condition, default must enter again, and this case cannot proceed. Thus, no matters can be adjudicated and no progress will occur.

Moreover, the Court provided Defendant with sufficient warning that her failure to comply with rules, orders, and deadlines might result in the entry

---

[3] Instead of expending time submitting legitimate challenges or seeking district judge review of this Court's orders, former counsel filed meritless motions. Doc. Nos. 59, 61, 63, 66, 70 (motions and entering orders).

of default judgment. Set Aside Order at 16; Order at 7-8. Hence, this factor does not weigh against the entry of default judgment.

In sum, the Court finds that the Eitel factors weigh in favor of entering default judgment against Defendant as requested by Plaintiff.

## CONCLUSION

Based on the foregoing, the Court HEREBY REINSTATES DEFAULT and FINDS AND RECOMMENDS THAT default judgment enter against Defendant. The Clerk is directed to reinstate default.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, December 2, 2013.




Kevin S.C. Chang
United States Magistrate Judge

CV 12-00649 SOM-KSC; PROPERTY RESERVE, INC. V. WASSON, ET AL.; ORDER REINSTATING DEFAULT; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT