IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PROPERTY RESERVE, INC., a Utah corporation, | ) ) ) | CIVIL NO. 12-00649 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER AFFIRMING ORDER REINSTATING THE ENTRY OF DEFAULT AND ADOPTING THE |
| vs. | ) ) ) | FINDINGS AND RECOMMENDATION THAT DEFAULT JUDGMENT BE |
| DAWN K. WASSON, | ) ) ) | ENTERED AGAINST DEFENDANT DAWN K. WASSON |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER AFFIRMING ORDER REINSTATING THE ENTRY OF DEFAULT AND ADOPTING THE FINDINGS AND RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANT DAWN K. WASSON**

**I.   INTRODUCTION.**

In the more than one year since Defendant Dawn K. Wasson was served with the Complaint and summons by Plaintiff Property Reserve, Inc., she has failed to answer the Complaint. Default was entered against her. But default was vacated on the condition that Wasson pay Property Reserve a sanction of $7,840.05 to alleviate any prejudice to Property Reserve caused by Wasson's conduct. When Wasson failed to timely pay the sanction, Property Reserve moved to reinstate default and for default judgment. That motion was referred to the magistrate judge, who granted the motion reinstating the entry of default and issued findings and a recommendation that default judgment be entered. Wasson objected to the order, arguing that she could not afford to pay the sanction and raising other arguments. Because Wasson has not demonstrated that she is unable to pay the

sanction, and because none of her other arguments is persuasive, the court affirms the order to the extent it orders the entry of default and adopts the findings and recommendation that default judgment be entered.

**II.    FACTUAL BACKGROUND.**

On December 4, 2012, Plaintiff Property Reserve, Inc., filed the Complaint in this matter. See ECF No. 1. The Complaint alleges that Property Reserve is the fee simple owner of five parcels of land, Tax Map Key Parcel Numbers (1) 5-5-005-20, -21, -22, -24, and -25. See id. ¶ 6.

The Complaint also alleges that Wasson owns an interest as a tenant in common with others in Tax Map Key Parcel Number (1) 5-5-8-43, which is located adjacent to parcel numbers (1) 5-5-005-24 and -25. See id. ¶ 7.

According to the Complaint, there is a road that provides access to parcel numbers (1) 5-5-005-20, -21, -22, and -24, as well as to parcel number (1) 5-5-8-43, running primarily through parcel number (1) 5-5-005-24. It alleges that this access road is a private road owned by Property Reserve. See id. ¶¶ 8, 10.

Property Reserve allegedly leases portions of its parcels to various tenants who use the roadway. See id. ¶ 11.

The Complaint alleges that Wasson "attempted to move into or otherwise authorized third parties to move into a

residence owned by Plaintiff's tenant and located on the Subject Properties" without Property Reserve's consent and that she has refused to vacate the premises.  See id. ¶¶ 12, 14, 15.  The Complaint further alleges that, without permission, Wasson blocked the roadway so that Property Reserve's tenants could not get to the properties they occupied; Wasson allegedly claimed to own those properties and the roadway.  See id. ¶¶ 16-20.  Wasson has allegedly buried her deceased husband on one of the properties.  See id. ¶ 25.

Property Reserve seeks a declaration that it is the owner of the five properties and that its ownership interest is superior to any interest Wasson may have in the properties.  Property Reserve further asks the court to declare that Wasson has no legal interest in those properties and that she cannot block the roadway access.  See id., Count I.  Finally, Property Reserve seeks a writ of ejectment and/or writ of possession, and damages arising from Wasson's trespass on the properties.  See id., Counts II and III.

Wasson was served with the Complaint and Summons in this case on December 18, 2012.  See Declaration of Adrian L. Lavarias ¶ 15, ECF No. 14-1, PageID # 147.

On February 14, 2013, the Clerk of Court entered default against Wasson.  See ECF No. 14-3.

On March 7, 2013, Property Reserve filed a motion for default judgment. See ECF No. 18. The motion was set for hearing on April 15, 2013, before Magistrate Judge Kevin S.C. Chang. See ECF No. 19.

Wasson did not timely oppose the motion for default judgment. See Local Rule 7.4 ("An opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing."). Instead, she waited until the day before the hearing to file a motion to dismiss the Complaint. See ECF No. 21, Apr. 14, 2013. At that time, Wasson was represented by an attorney, Anthony P. Locricchio. Id.

On April 15, 2013, Magistrate Judge Chang postponed the hearing on the motion for default judgment to a date after the hearing on Wasson's motion to dismiss, despite the untimeliness of the motion. See ECF No. 27.

On April 16, 2013, the court set the hearing on the motion to dismiss for June 18, 2013, and set the hearing on the motion for default judgment for July 2, 2013. See ECF Nos. 28 and 29.

On June 17, 2013, the day before the hearing on the motion to dismiss, the court questioned whether Wasson could proceed with her motion to dismiss while the entry of default remained in effect. See ECF No. 34.

On June 17, 2013, Wasson filed an ex parte motion to continue the hearing scheduled for the next day on her motion to dismiss, this time indicating that her counsel had been hospitalized at the beginning of May 2013.  See ECF No. 35.

On June 18, 2013, the court denied the motion to continue and the motion to dismiss.  The court denied the motion to dismiss without prejudice in the event default was vacated. The court instructed Wasson to file a motion to vacate the entry of default by June 25, 2013, or to proceed with opposing the motion for default judgment, informing her that any opposition to the motion for default judgment would be due on June 28, 2013. See ECF No. 38.

On June 25, 2013, Wasson filed her opposition to the motion for default judgment.  See ECF No. 40.

On July 2, 2013, the hearing on the motion for default judgment was held.  See ECF No. 43.  Counsel for Wasson did not appear at that hearing and did not explain his absence.  Id.  At the hearing, despite Wasson's failure to appear, the court ordered Wasson to file a motion to set aside the entry of default no later than July 16, 2013.  Id.  The court then continued the motion for default judgment.  Id.

On July 16, 2013, Wasson filed a motion to set aside the entry of default.  See ECF No. 44.  This motion was set for hearing on August 5, 2013.  See ECF Nos. 46 and 47.

On August 6, 2013, Magistrate Judge Chang granted Wasson's motion to set aside the entry of default, but conditioned the setting aside of the entry of default on Wasson's payment of sanctions to Property Reserve for the fees and costs caused by Wasson's failure to timely answer the Complaint. The sanction was intended to alleviate the prejudice to Property Reserve caused by Wasson's conduct. See ECF No. 52. The court directed counsel for Property Reserve to submit a declaration of those fees and costs, and warned Wasson "that future violations of the applicable rules, orders, and deadlines may result in the imposition of additional sanctions, including but not limited to the entry of default judgment." Id., PageID # 1475.

After briefing on the matter, Magistrate Judge Chang ordered Wasson to pay Property Reserve $7,487.25 in attorneys' fees and $352.80 in tax, for a total of $7,840.05. Wasson was ordered to pay this sanction by September 24, 2013, and was warned that failure to pay the sanction by that date might result in the imposition of further sanctions, including attorneys' fees and the entry of default judgment. See ECF No. 73.

Wasson did not timely appeal any of the orders relating to sanctions. Nor did she timely pay the sanction. Property Reserve then moved to reinstate default and for default judgment. See ECF No. 74. That motion was set for hearing on November 18, 2013. See ECF No. 75.

On October 10, 2013, counsel for Wasson filed a motion to withdraw as her attorney, which was set for hearing on October 24, 2013. See ECF Nos. 77 and 80. The motion to withdraw was granted orally, see ECF No. 85, and a written order to that effect was filed on November 4, 2013, see ECF No. 91.

Wasson did not timely oppose the motion to reinstate default and motion for default judgment. She instead filed a motion for judgment on the pleadings on November 8, 2013. See ECF No. 94. She then filed a motion seeking the recusal of this judge on November 12, 2013, which was denied the next day. See ECF Nos. 96 and 99.

On November 18, 2013, Magistrate Judge Chang heard the motion to reinstate default and motion for default judgment and informed Wasson that she had seven days to pay the $7,840.05 sanction, and that failure to timely pay that sanction would result in the reinstatement of the entry of default and possibly a recommendation that default judgment be entered against her. See ECF No. 100. A written order to that effect was filed the following day. See ECF No. 101.

On November 26, 2013, the court directed counsel for Property Reserve to submit a declaration indicating whether the sanction had been paid. See ECF No. 112. That day, counsel submitted a declaration indicating that the sanction had not been paid. See ECF No. 114.

On December 2, 2013, Magistrate Judge Change filed an order reinstating the entry of default and recommending that default judgment be entered against Wasson.  See ECF No. 115.

On December 6, 2012, Wasson filed her objection to the order of December 2, 2013.  See ECF No. 119  That objection is currently before the court.  Wasson claims that she is unable to pay the sanction and argues that she should not be forced to sell her property, which she says may be worth more than a million dollars, to pay the sanction.  See ECF No. 119, PageID #s 3270-71.  Wasson does not detail her financial situation or contend that she even attempted to get a loan to pay the sanction.  See id.

**III.    STANDARD.**

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law."  See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A

finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

A party's objection to findings and a recommendation issued by a magistrate judge as to a dispositive motion is examined using a different standard. A district court reviews <u>de novo</u> those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. <u>United States v. Bright</u>, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a <u>de novo</u> hearing is not required. <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989); <u>Bright</u>, 2009 WL 5064355, *3; Local Rule 74.2.

**IV.     ANALYSIS.**

    **A.     The Court Affirms the Magistrate Judge's Determination that the Entry of Default Should be Reinstated.**

Wasson did not appeal Magistrate Judge Chang's order that vacated the entry of default on the condition that Wasson pay a sanction to Plaintiff Property Reserve. Wasson now asks this judge to reverse Magistrate Judge Chang's order reinstating the entry of default. Default was reinstated because Wasson failed to pay the sanction, and Wasson's arguments challenging that reinstatement are meritless. The court affirms the order reinstating default because Wasson failed to comply with the condition for vacating the entry of default.

Wasson first argues that this court lacks subject matter jurisdiction over this case. The court notes that the Complaint bases jurisdiction on diversity of citizenship, with more than $75,000 in controversy. See ECF No. 1, PageID # 3. It alleges that Property Reserve is a nonprofit corporation organized and existing under Utah law with its principal place of business in Utah. Id., PageID # 2. It then alleges that Wasson is a resident and domiciliary of Hawaii. Id. Wasson submits no facts supporting her argument that "the parties in this action are all residents of the State of Hawaii" or that Property Reserve lacks standing to pursue the claims in this case. See ECF No. 119, PageID # 3269. Property Reserve says it is a Utah

corporation that owns the properties Wasson claims to own, properties the parties agree are worth in excess of $75,000. The court therefore has diversity jurisdiction under 28 U.S.C. § 1332.

  Wasson's next argument does not excuse her failure to file an answer in this case. She claims that, under Hawaii law, she has no obligation to produce any evidence of ownership until Property Reserve first meets its initial burden of demonstrating it has title to the property. This burden of production has no impact on whether Wasson was required to file an answer to the Complaint. See Fed. R. Civ. P. 12(a).

  Nor does Wasson's reference to a letter from Title Guaranty of Hawaii, Inc., to counsel for Property Reserve demonstrate that default should not be reinstated. That letter indicates that Property Reserves "has a good and complete chain of title" to the properties in question. ECF No. 119-11, PageID # 3285. Although the letter notes that the properties have within them "kuleana parcels which were issued to native tenants of the area as their home and [for] subsistence gardens," it further notes that all of these parcels have breaks in the chain of title and does not indicate that Wasson is one of the "native tenants" who has any right to the properties. Id., PageID # 3286.

Wasson argues that Property Reserve should be judicially estopped from arguing that she is not an owner of the properties because Property Reserve's attorney purportedly stated in a 2006 state-court proceeding that Wasson is "at best . . . a co-tenant." Even assuming that statement was made, it does not indicate Property Reserve's agreement that Wasson is, in fact, a "co-tenant" such that her interest in the properties should be recognized.

Wasson next argues that the court's condition that she pay the sanction is tantamount to involuntary servitude. That argument is unpersuasive. Wasson appears to admit that she owns a 1/35 share of land valued at over a million dollars. That she is unwilling to sell that property or even attempt to obtain a loan with that property as collateral does not mean that she "is unable to pay such an absurd amount of money." ECF No. 119, PageID #s 3270-71. Wasson did not seek reconsideration of or appeal to this district judge Magistrate Judge Chang's order conditioning the vacating of the entry of default on her payment of sanctions to Property Reserve to ensure that it would not be prejudiced by her dilatory conduct if the entry of default was vacated. Under these circumstances, the court will not review the amount or propriety of the sanctions. Wasson cannot now argue that the sanction and reinstatement of default should be vacated.

The court is similarly unpersuaded by Wasson's argument that her former counsel "sabotaged" her defense.  See ECF No. 119, PageID # 3271.  The court has no facts before it suggesting such "sabotage" and leaves that issue to other proceedings, possibly before decisionmakers other than a federal judge.

### B. Default Judgment.

Wasson raises the same objections with respect to the findings and recommendation that default judgment be entered. Having reviewed those objections de novo, the court rejects Wasson's arguments for the reasons set forth above.  The court adopts the well-reasoned and thoughtful findings and recommendation that default judgment be entered.

Default judgment shall be entered in favor of Property Reserve and against Wasson for the relief requested in the Complaint, except with respect to money damages.  Default judgment shall be entered as follows:

1. Wasson and all others claiming by, through, or under her, are permanently enjoined from occupying and/or using, the properties identified by Tax Map Key Numbers (1) 5-5-005-20, -21, -22, -24, and -25, as described in the Complaint ("Subject Properties"), or blocking or otherwise interfering with the private road that provides access to those properties;

2. The court declares that Property Reserve is the legal title holder to the Subject Properties and that Wasson has no right, title and/or interest in the Subject Properties. The court further declares that Wasson (and anyone acting on her behalf or at her direction) cannot exclude, prevent, and/or otherwise block access to the subject properties;

3. Property Reserve is entitled to a decree of ejectment and/or writ of possession that a) authorizes and directs the removal of Wasson and any others claiming, by, through, or under her, from possession and control of the Subject Properties, b) places Property Reserve into sole and exclusive possession of the Subject Properties, and c) allows Property Reserve to dispose of any personal property left on the Subject Properties by Wasson; and

4. Any duly authorized law enforcement officer may enforce the terms of this default judgment.

**V.     CONCLUSION.**

The court affirms the order reinstating the entry of default and adopts the findings and recommendation that default judgment be entered. The Clerk of Court is directed to terminate all pending motions and to enter default judgment in favor of Property Reserve as set forth in this order. Property Reserve

shall prepare the requested decree or ejectment and/or writ of possession.

If Wasson is considering seeking post-judgment relief from this order, the court suggests that she first pay the sanction in issue.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 4, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Property Reserve, Inc. v. Wasson; Civil No. 12-00649 SOM/KSC; ORDER AFFIRMING ORDER REINSTATING THE ENTRY OF DEFAULT AND ADOPTING THE FINDINGS AND RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANT DAWN K. WASSON