IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PROPERTY RESERVE, INC., a Utah corporation, | ) ) | CIVIL NO. 12-00649 SOM/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING STAY PENDING APPEAL |
| vs. | ) ) | |
| DAWN K. WASSON, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING STAY PENDING APPEAL**

On February 4, 2014, the court affirmed a Magistrate Judge's order reinstating the entry of default and adopted the Findings and Recommendation that default judgment be entered. See ECF No. 128. That same day, default judgment was entered against Defendant Dawn K. Wasson and in favor of Plaintiff Property Reserve, Inc. See ECF No. 129.

On February 13, 2014, the Ninth Circuit Court of Appeals received from Wasson an "Emergency Motion under Circuit Rule 27-3 Motion to Stay Default/Sanction Judgment." This document largely reiterated Wasson's arguments opposing the entry of default judgment. A copy of this document was forwarded by the Ninth Circuit to this court because Wasson had not filed an appeal of the default judgment. See ECF No. 131.

On March 10, 2014, Wasson filed a motion with this court that requested a stay of the order of February 4, 2014,

pending her appeal to the Ninth Circuit. See ECF No. 132. The same day, she filed a Notice of Appeal. See ECF No. 133.

The Ninth Circuit has noted that the standard applicable to motions seeking a stay pending appeal is similar to that for a motion seeking a preliminary injunction. See Nat'l Res. Defense Council, Inc. v. Winter, 502 F.3d 859, 862-63 (9th Cir. 2007) (citing (Hilton v. Braunskill, 481 U.S. 770, 774-76 1987)). The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction. Id. Parties seeking a preliminary injunction (or in this case a stay pending appeal) "must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009). Wasson fails to satisfy this test.

Wasson's motion shows no likelihood of success on the merits of her appeal. First, it appears that Wasson did not timely appeal the order and default judgment of February 4, 2014, as her notice of appeal was not filed until March 10, 2014, more

than 30 days after they were entered.  See Fed. R. App. P. 4(a) ("the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of judgment or order appealed from").  Even if Wasson's Notice of Appeal was timely, Wasson's motion for a stay pending appeal, ECF No. 132, makes no argument concerning the merits of her appeal.  Moreover, in its order of February 4, 2014, this court rejected the arguments raised in Wasson's attempted filing with the Ninth Circuit, ECF No. 131.

Wasson's motion seeking a stay pending appeal also fails to establish any likelihood of irreparable injury absent the requested stay.  At most, she argues that Property Reserve is "now free to disinter the Ancestral Burial grounds of Defendant, including but not limited to the grave of Defendant Wassons' [sic] late husband."  But nothing in the record indicates that, during the pendency of the appeal, Property Reserve intends to take that action.  Wasson's speculation as to what action Property Reserve might take is insufficient to establish a likelihood of irreparable injury.  See In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm.").

The court notes that Wasson's motion also fails to discuss how the requested stay is supported by the balance of equities or the public interest.

Under the circumstances presented here, Wasson has failed to meet her burden of demonstrating that a stay of the court's order of February 4, 2014, or of the default judgment of February 4, 2014, is appropriate.  Her motion to stay the order and default judgment of February 4, 2014, pending her appeal is therefore denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2014.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Property Reserve, Inc. v. Wasson; Civil No. 12-00649 SOM/KSC; ORDER DENYING STAY PENDING APPEAL